2024R00398/RF/STB

FILED
AUG 2 7 2025
4:45PM
AT 8:30          JD         M
CLERK, U.S. DISTRICT COURT - DNJ

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon.   Jamel K. Semper |
| v. | Crim. No. 25- 518 |
| JAQUAY HARRISON,<br>a/k/a "Queezy" | 21 U.S.C. § 846<br>21 U.S.C. §§ 841(a)(1) and (b)(1)(A) |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

From in or about September 2024 through in or about June 2025, in Essex County and Union County, in the District of New Jersey, and elsewhere, defendant

**JAQUAY HARRISON,**
**a/k/a "Queezy,"**

did knowingly and intentionally conspire and agree with others to distribute and to possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

In violation of Title 21, United States Code, Section 846.

1

## FORFEITURE ALLEGATION

1.  As a result of committing the controlled substance offense in violation of Title 21, United States Code, Section 846, as charged in this Indictment, the defendant,

**JAQUAY HARRISON,**
a/k/a "Queezy"

shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in this Indictment, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense alleged in this Indictment.

### Substitute Assets Provision
### (Applicable to All Forfeiture Allegations)

2.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty.

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.



A TRUE BILL

FOREPERSON

TODD BLANCHE
U.S. Deputy Attorney General

*Alina Habba* / by permission RLW
Alina Habba
Acting United States Attorney
Special Attorney

Robert Frazer
Sam Thypin-Bermeo
Assistant United States Attorneys

3

CASE NUMBER: **25-** 518 (JKS)

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

JAQUAY HARRISON,
a/k/a "Queezy"

## INDICTMENT FOR

21 U.S.C. §846
21 U.S.C. §§ 841(a)(1) and (b)(1)(A)

A True Bill,

Foreperson

TODD BLANCHE
UNITED STATES DEPUTY ATTORNEY GENERAL

ALINA HABBA
ACTING UNITED STATES ATTORNEY
SPECIAL ATTORNEY

ROBERT FRAZER
SAM THYPIN-BERMEO
ASSISTANT U.S. ATTORNEYS
NEWARK, NJ
973-297-2897